**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| EDWARD VYTLACIL,<br>    *Plaintiff*,<br><br>v.<br><br>VANESSA VYTLACIL.<br>    *Defendants.* | No. 3:22-cv-00311 (OAW)<br><br>JUNE 17, 2022 |

## ORDER REMANDING FOR LACK OF JURISDICTION

On February 28, 2022, Defendant Vanessa Wang[1] ("Wang") filed a notice purporting to remove to this federal court an action filed in Connecticut Superior Court. *See* Notice of Removal ("Notice"), ECF No. 1. On March 25, 2022, this court ordered Ms. Wang to show cause why the case should not be remanded or dismissed for lack of jurisdiction. *See* Order to Show Cause ("Order"), ECF No. 32. On March 28, 2022, the court granted Defendant's request to extend the deadline to respond to the order. *See* Order Granting Defendant's Motion for Extension of Time, ECF No. 35. Defendant docketed a timely response on April 19, 2022. *See* Defendant's Response to Order to Show Cause ("Response"), ECF No. 43. Having reviewed the Notice and Response, together with applicable law, the court hereby concludes that it does not possess subject matter jurisdiction over this state family court case and thus remands the matter to the Connecticut Superior Court.

---

[1] The caption of the instant case names the defendant as Vanessa Vytlacil, which also is the name Defendant used on her *pro se* appearance, but since Defendant references her surname as Wang throughout her motion, the court hereinafter will so refer to her (also distinguishing her from the plaintiff).

1

**I.     PROCEDURAL HISTORY**

The state action Defendant seeks to remove to federal court concerns an Application for Relief from Abuse filed against her by her ex-husband on behalf of their daughter.  See Notice at ¶¶ 1–4.

On January 27, 2022, Plaintiff Edward Vytlacil filed on behalf of a minor child an Application for Relief from Abuse asking the state's family court to issue a restraining order against Respondent Vanessa Vytlacil (hereinafter "Ms. Wang"), asserting that the applicant child had been "subjected to a continuous threat of present physical pain or physical injury, stalking, a pattern of threatening, and/or coercive control by the Respondent" [Ms. Wang].  See Attachment 1 to the removal notice, ECF No. 1-1 (Exhibit D.A), at p.4.  The restraining order application referenced factual allegations and also reported on prior court activity in justifying the need for a restraining order.[2]

After a hearing on the application, the state family court for the New Haven Judicial District (Hon. Jane K. Grossman, J.) issued an order that the respondent have no contact with the protected party and that she stay 100 yards away from such child and from such child's school, among other conditions.  Id. at 12–13.  Defendant now attempts to remove this action to federal court, though she concedes that Plaintiff through this case seeks: (1) a no-contact restraining order against Defendant that would

---

[2] The court declines to detail the specific factual allegations in support of the restraining order and to note the prior family court rulings because Defendant filed a motion to seal the restraining order application, and because the case that Defendant is attempting to remove to federal court is not publicly available on the state's judicial website (see https://civilinquiry.jud.ct.gov/LoadDocket.aspx?DocketNo=NNH-FA-22-5052692-S&incparty=Y&incmot=Y (last visited June 10, 2022)).

modify the custody and visitation terms of their divorce agreement; (2) sole custody of their minor child; and (3) relief from child support obligations.  Notice at 3, ¶ 7.

## II.   LEGAL STANDARD FOR REMOVAL TO FEDERAL COURT

The United States Court of Appeals for the Second Circuit has held, "The basic rules for the removal of cases from state court to federal court are well settled.  An action which was originally filed in state court may be removed by a defendant to federal court only if the case could have been originally filed in federal court."  *Hernandez v. Conriv Realty Assoc.*, 116 F.3d 35, 38 (2d Cir. 1997) (citing 28 U.S.C. § 1441).  Thus, the removed action may proceed in federal court only if it satisfies one of the two bases of a federal court's subject matter jurisdiction: diversity of citizenship, or the presence of a federal question (a cause of action that "arises under" the Constitution or laws of the United States).  *Id.* (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Conversely, this federal district court does not have jurisdiction over matters properly addressed by the state's family court, such as domestic relations matters that involve divorce, alimony, and child custody.  See *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).

Finally, the federal court "may examine subject matter jurisdiction, *sua sponte*, at any stage of the proceeding."  *FDIC v. Four Star Holding Co.*, 178 F.3d 97, 100 n.2 (2d Cir. 1999).

### III.     DISCUSSION

In her Notice of Removal, Defendant Vanessa Vytlacil [Wang] asserts that this federal district court has jurisdiction over the present matter based upon her claims: (1) that Plaintiff's restraining order application rests on a federal question; (2) that supplemental jurisdiction exists; and (3) that there is a qualifying diversity of citizenship between the parties.  See Notice of Removal ("Notice"), ECF No. 1, at 3–6; see also Defendant's Response to Order to Show Cause, ECF No. 43.

After careful consideration, this court finds the defendant's claims unavailing. The reasons therefor will be addressed seriatim.

   **1.  The restraining order application did not raise a federal question.**

Plaintiff's state court legal cause of action that Defendant now seeks to remove to federal court was initiated as an Application for Relief from Abuse (an application for a restraining order).  See Attachment 1 to the removal notice, ECF No. 1-1 (Exhibit D.A): Application for Relief from Abuse (hereinafter "Restr. Ord. Appl.") at p.3.  It was filed in the state court's family division on a state court form (JD-FM-137) that cites as its legislative authority only Connecticut state statutes and a state public act.  Id. Neither the form nor the plaintiff's supporting affidavit raises any federal causes of action.  Id. at 3–7.   Even Defendant acknowledges Plaintiff's sole state statutory claim. Response at 1–2 ("It should be noted that this [s]uperior [c]ourt [a]ction…was commenced by the plaintiff's Application for Relief from Abuse…alleging on behalf of the minor child that the statutory aggrievement existed invoking the restraining order statute under Conn. Gen. Stat. § 46b-15") (internal quotations omitted).

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal quotation marks omitted). "After examining only those allegations which are properly raised in a well-pleaded complaint, the court must then determine whether the substance of those allegations raises a federal question." *D'Alessio v. New York Stock Exchange, Inc.*, 258 F.3d 93, 100 (2d Cir. 2001) (internal quotations omitted).

Here, the Application for Relief from Abuse does not present a federal question. As noted in the court's order to show cause, this dispute relates to a family court matter in state court over which this court lacks jurisdiction.

Defendant's response to the order to show cause again fails to point to any federal question presented in Plaintiff's application for a state court restraining order. The response only vaguely references that the initiated action somehow involved "federal questions regarding the conspiracy to injure and the deprivation of the defendant's civil rights."  Response at 3, ¶ 1.  Without adequate support, it suggests that the restraining order application amounted to due process[3] and equal protection violations, through alleged retaliation that Defendant claims confers jurisdiction upon this court.  Response at 2, ¶ 1.  Instead of identifying a federal claim raised by the plaintiff, the defendant uses much of her response to claim that federal jurisdiction

---

[3] On page 2 (at footnote 1) of her Response, Defendant suggests that *Troxel v. Granville*, 530 U.S. 57 (2000), confers upon this court federal jurisdiction over the present matter, but *Troxel* involved Supreme Court review (by way of a writ of certiorari) of the constitutionality of a state statute, and is inapplicable to the present case.

exists by way of her claims as a third-party plaintiff against certain third-party defendants. See Response at 2–3, 7–9. However, the Supreme Court of the United States has held that a defendant cannot "remove a case brought in state court under state law . . . simply by raising a federal counterclaim." *The Holmes Group, Inc., v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002). Thus, it is the plaintiff's complaint alone, not any defenses or counterclaims, and certainly not those filed in federal court after the case has been removed, that determines jurisdiction. See id. See also *Hernandez*, 116 F.3d at 38 ("if a complaint alleges only state law based causes of action, it cannot be removed from state court to federal court even if there is a federal defense."). Here, focusing on the action as originally initiated, it is clear that there is no federal question at issue. Accordingly, this court lacks federal subject matter jurisdiction.

### 2. Supplemental jurisdiction does not exist.

In her Notice of Removal, Defendant claimed supplemental jurisdiction by way of the following lone sentence: "This [c]ourt has supplemental jurisdiction over all other claims that are so related to claims in this [s]uperior [c]ourt [a]ction within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Notice at 5, ¶ 13. The key here, of course, is that this court finds no matters within the original jurisdiction of the federal district court sufficient to invoke 28 U.S.C. § 1367.

In her Response to Order to Show Cause, Defendant with equally short shrift alleges federal supplemental jurisdiction "for state statutory claims pursuant to the Connecticut Patients' Bill of Rights, General Statutes §§ 17a-540 et seq., and Conn.

6

Gen. Stat. § 53a-223b" without further explanation, discussion, or legal support. Accordingly, the court reiterates that it finds no supplemental jurisdiction in this case.

### 3. Diversity of citizenship does not exist in domestic relations matters.

Finally, the defendant claims that diversity jurisdiction exists "given the existence of diverse citizenship between the parties and the pleading of the relevant amount in controversy."  Response at 4, ¶ 4.

First, Defendant claims that diversity is established because she is a "citizen of Connecticut and New York"; *id.*; though her appearance lists a Connecticut residence. But even if the parties were found to reside in different states, family court matters remain the jurisdiction of our state courts, even when diversity of citizenship is claimed. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (reiterating that the "subject of … domestic relations … belongs to the law of the States and not to the laws of the United States…[even] in suits brough pursuant to diversity jurisdiction") (citations omitted). *See also Williams v. North Carolina*, 325 U.S. 226, 233 (1945); *Ex parte Burrus*, 136 U.S. 586 (1890).

The restraining order application was filed with the state court's family division. The Family Division of Connecticut's state superior court "hears cases involving … divorce, child custody, child support, relief from abuse (temporary restraining orders), juvenile delinquency, child abuse and neglect, and termination of parental rights."  State of Connecticut Judicial Branch website, Divisions of Superior Court: Family Division, available at: https://www.jud.ct.gov/external/super/divisions.htm#Family_Division (last visited June 9, 2022).  This is just the type of domestic relations subject matter that the

Supreme Court of the United States has held is beyond the federal court's jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). As stated in the court's order to show cause, state court jurisdiction upholds judicial economy, and is justified by the state court's frequent "deployment of social workers to monitor compliance" and its "special proficiency…in handling issues that arise" in issuing family court orders. *Id.* at 704. Unlike the *Ankenbrandt* tort claim for money damages arising out of the sexual and physical abuse of children alleged to have been committed by its defendants; *id.* at 691; the case at bar involves a restraining order application in family court that properly should be adjudicated by the state's family court system.

### IV.   CONCLUSION

For the foregoing reasons, the court lacks jurisdiction over the instant matter and **remands** the present case to Connecticut Superior Court. *See* 28 U.S.C. § 1447(c); *see also Royal Ins. Co. v. Jones*, 76 F. Supp. 2d 202, 204 (D. Conn. 1999) ("[A] court lacking subject matter jurisdiction over a removed action must remand that action to state court sua sponte or on motion.").

**IT IS SO ORDERED** at Hartford, Connecticut, this 17th day of June, 2022.

/s/ Omar A. Williams
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE